IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY E. BURTON, JR.,**

      **Plaintiff,**

v.                                          **Civil Action No. 1:19cv117**
                                                  **(Judge Kleeh)**

**CAP'T. TAYLOR, Food Service,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On May 31, 2019, the *pro se* plaintiff, an inmate incarcerated at the Mark W. Michael Unit in Tennessee Colony, Texas, filed an unsigned civil rights complaint pursuant to 42 U.S.C. § 1983 against the above-named defendant. In his terse complaint filed without a memorandum in support, the plaintiff impliedly asserts that the defendant, a captain in charge of the kitchen/food service at the Texas state facility where plaintiff is presently incarcerated, violated his constitutional rights by failing to provide him with the correct diet menu; plaintiff seeks only injunctive relief.

Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." In this case, the plaintiff is incarcerated in Texas, all of the events giving rise to the plaintiff's cause of action occurred in the Eastern District of Texas, and the plaintiff has not alleged any

connection between the defendant and this judicial district.  Thus, venue is not appropriate in this Court.[1]

Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned recommends that this matter be **TRANSFERRED** to the United States District Court for the Eastern District of Texas for all further proceedings, and that any motions pending at the time of transfer be carried with the case for consideration by the transferee Court.

The plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a

---

[1] Moreover, even if venue were appropriate, this case is likely to be dismissed anyway, because the plaintiff, who has not paid the filing fee along with the filing of his complaint, has already accumulated at least three qualifying strikes under the Three Strikes rule, 28 U.S.C. 1915(g), and is listed in the National *Pro Se* Three-Strikes Database: Burton v. Wilder, 6:10cv328 (E.D. Tex. March 14, 2011); Burton v. Inmate Trust Fund, 3:13cv292 (W.D. Wis. May 2, 2013); Burton v. Inmate Trust Fund, 6:13cv348 (E.D. Tex. Aug. 22, 2013); and Burton v. Pace, 6:14cv271 (E.D. Tex. June 5, 2014).
 A review of plaintiff's many filings on PACER indicates that he is an abusive filer, who typically, like here, files suit in districts where neither he nor his defendants have any connection with the district.  See Burton v. Pace, 6:14cv271, * 1 – 2, Mitchell, K.N. (E.D. Tex. April 15, 2014), *adopted by* Burton v. Pace, 6:14cv271, Schneider, M.H. (E.D. Tex. June 5, 2014).

motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: June 4, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE